1  GIBSON, DUNN & CRUTCHER LLP
2  THEANE EVANGELIS, SBN 243570
       TEvangelis@gibsondunn.com
3  BLAINE H. EVANSON, SBN 254338
4      BEvanson@gibsondunn.com
   HEATHER L. RICHARDSON, SBN 246517
5      HRichardson@gibsondunn.com
6  DHANANJAY S. MANTHRIPRAGADA,
     SBN 254433
7      DManthripragada@gibsondunn.com
8  333 South Grand Avenue
   Los Angeles, CA  90071-3197
9  Tel.: 213.229.7000
10 Fax: 213.229.7520

11 JOSHUA S. LIPSHUTZ, SBN 242557
12     JLipshutz@gibsondunn.com
   555 Mission Street, Suite 3000
13 San Francisco, CA  94105-0921
14 Tel.: 415.393.8200
   Fax: 415.393.8306
15
16 Attorneys for Plaintiffs
   Lydia Olson, Miguel Perez, Postmates Inc.,
17 and Uber Technologies, Inc.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| LYDIA OLSON, MIGUEL PEREZ, POSTMATES INC., and UBER TECHNOLOGIES, INC., | CASE NO. 2:19-cv-10956 |
|---|---|
| Plaintiffs, | **NOTICE OF RELATED CASE** |
| v. | |
| STATE OF CALIFORNIA; XAVIER BECERRA, in his capacity as Attorney General of the State of California; and "JOHN DOE," in his official capacity, | |
| Defendants. | |

Pursuant to Central District of California Local Rule 83-1.3, Plaintiffs Lydia Olson, Miguel Perez, Postmates Inc., and Uber Technologies, Inc. hereby provide notice of a related case currently pending in the Central District of California. The case, *American Society of Journalists and Authors, Inc., et al. v. Xavier Becerra*, Case No. 2:19-cv-10645-PSG-KS ("*Society of Journalists*"), calls for determination of the same, similar, and substantially related questions of law and fact as those in the above-captioned case and would entail substantial duplication of labor if heard by different judges.

The plaintiffs in *Society of Journalists* filed their action on December 17, 2019, asserting two claims under the Equal Protection Clause and First Amendment of the United States Constitution and seeking, in relevant part, an injunction prohibiting enforcement of a provision in AB 5's "professional services" carve-out exempting still photographers, photojournalists, freelance writers, editors, and newspaper cartoonists who tender 35 submissions or less per publisher per year from the *Dynamex* standard and a declaration that the provision is unconstitutional, facially and as applied to the plaintiffs' members. *See* Complaint, *American Society of Journalists and Authors, Inc., et al. v. Xavier Becerra*, No. 2:19-cv-10645-PSG-KS (C.D. Cal. Dec. 17, 2019).

The *Society of Journalists* plaintiffs argue that the professional services exemption violates the Equal Protection Clause in at least two ways. *First*, "exempting still photographers and photojournalists for up to 35 submissions of still photographs per publisher per year, but providing no exemption to photographers and photojournalists who record video images, creates an irrational and arbitrary distinction between those individuals and others who provide professional services under AB 5's exemptions." *Id.* ¶ 66. *Second*, "[g]ranting a full exemption from AB 5 to speaking professionals who engage in marketing, graphic design, grant writing, and fine arts, but subjecting speaking professionals like Plaintiffs' members who are still photographers, photojournalists, freelance writers, and editors, to a limit of 35 content submissions per publisher per year, creates an irrational and arbitrary distinction among speaking professionals." *Id.* ¶ 55.

In this case, Plaintiffs argue that AB 5 violates the Equal Protection Clause because its passage was driven by the improper legislative purpose of targeting, harming, and punishing network companies in the on-demand economy, which is evidenced, *inter alia*, by AB 5's extensive list of arbitrary and irrational exemptions, including but not limited to the "professional services" exemption at issue in *Society of Journalists*.

Although the respective Equal Protection claims in *Society of Journalists* are not identical, resolution of those claims in both cases will depend in part on adjudicating similar, closely related, and even some identical issues of both fact and law. The Court must in both cases interpret and apply the same Supreme Court and Ninth Circuit precedent. Moreover, in both cases, the Court must also examine the legislature's decision-making process in drawing the lines between professions and evaluate the legislature's stated justifications for the exemptions.

Accordingly, resolving these factually and legally intertwined issues will "entail substantial duplication of labor if heard by different judges," *see* L.R. 83-1.3.1(c), and having these cases decided by the same judge would reduce the possibility of conflicting results within this District.

Dated: December 30, 2019   By:   */s/ Theane Evangelis*
                                                           Theane Evangelis
                                                           GIBSON, DUNN & CRUTCHER LLP
                                                           Attorneys for Plaintiffs