**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| Lydia Olson et al | CASE NUMBER |
|---|---|
| PLAINTIFF(S) | 2:19-cv-10956 DMG(RAOx) |
| v. | |
| State of California et al | ORDER RE TRANSFER PURSUANT TO GENERAL ORDER 19-03 (RELATED CASES) |
| DEFENDANT(S). | |

**CONSENT**

**TRANSFER ORDER DECLINED**

I hereby consent to the transfer of the above-entitled case to my calendar, pursuant to General Order 19-03.

_____      Phillip S. Gutierrez
Date                                                   United States District Judge

**DECLINATION**

I hereby decline to transfer the above-entitled case to my calendar for the reasons set forth:

See Attached

1/6/2020
Date                                                   United States District Judge

**REASON FOR TRANSFER AS INDICATED BY COUNSEL**

Case   2:19-cv-10645 PSG(KSx)   and the present case:

- [x] A. Arise from the same or closely related transactions, happenings or events; or
- [x] B. Call for determination of the same or substantially related or similar questions of law and fact; or
- [ ] C. For other reasons would entail substantial duplication of labor if heard by different judges; or
- [ ] D. Involve one or more defendants from the criminal case in common, and would entail substantial duplication of labor if heard by different judges (applicable only on civil forfeiture action).

**NOTICE TO COUNSEL FROM CLERK**

Pursuant to the above transfer, any discovery matters that are or may be referred to a Magistrate Judge are hereby transferred from Magistrate Judge _____ to Magistrate Judge _____.

**TRANSFER ORDER DECLINED**

On all documents subsequently filed in this case, please substitute the initials _____ after the case number in place of the initials of the prior judge, so that the case number will read _____. This is very important because the documents are routed to the assigned judges by means of these initials

cc:  ☐ Previous Judge    ☐ Statistics Clerk

CV-34 (03/19)           ORDER RE TRANSFER PURSUANT TO GENERAL ORDER 19-03 (Related Cases)

The cases *Lydia Olson et al. v. State of California et al.*, CV 19-10956 DMG (RAOx), and *American Society of Journalists and Authors, Inc., et al. v. Xavier Becerra*, CV 19-10645 PSG (KSx), are not related. Both cases challenge AB 5 on constitutional grounds. In *Olson*, the plaintiffs argue that AB 5 is "designed to target" workers and companies such as Uber and Postmates in the "on-demand economy," in which persons perform on-demand work through "app-based independent service providers." The complaint argues that an assemblywoman has demonstrated "overt hostility" to this on-demand economy, and they bring claims for violations of the U.S. Constitution's Equal Protection Clause for targeting "app-based workers and platforms," Due Process Clause, and Contracts Clause, as well as for numerous violations of the California Constitution. They seek injunctive and declaratory relief. In *American Society of Journalists and Authors*, the plaintiffs' claims focus on two provisions of AB 5, limiting certain speakers to 35 submissions and precluding making video recordings, in order to avoid being subject to the "ABC" test for determining employee status. In that case, the plaintiffs' claims focus on free speech rights. The plaintiffs bring claims under the U.S. Constitution's Equal Protection Clause, and under the First Amendment. They seek declaratory and injunctive relief.

Both cases bring constitutional challenges to AB 5, however, the suits focus on different aspects of the law. Accordingly, the Court declines the transfer of *Lydia Olson et al. v. State of California et al.*, CV 19-10956 DMG (RAOx).