GIBSON, DUNN & CRUTCHER LLP
THEANE EVANGELIS, SBN 243570
　　TEvangelis@gibsondunn.com
BLAINE H. EVANSON, SBN 254338
　　BEvanson@gibsondunn.com
HEATHER L. RICHARDSON, SBN 246517
　　HRichardson@gibsondunn.com
DHANANJAY S. MANTHRIPRAGADA,
　 SBN 254433
　　DManthripragada@gibsondunn.com
333 South Grand Avenue
Los Angeles, CA  90071-3197
Tel.: 213.229.7000
Fax: 213.229.7520

JOSHUA S. LIPSHUTZ, SBN 242557
　　JLipshutz@gibsondunn.com
555 Mission Street, Suite 3000
San Francisco, CA  94105-0921
Tel: 415.393.8200
Fax: 415.393.8306

Attorneys for Plaintiffs Lydia Olson, Miguel Perez, Postmates Inc., and Uber Technologies, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LYDIA OLSON, MIGUEL PEREZ, POSTMATES INC., and UBER TECHNOLOGIES, INC.,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>STATE OF CALIFORNIA; XAVIER BECERRA, in his capacity as Attorney General of the State of California; and "JOHN DOE," in his official capacity,<br><br>　　　　　Defendants. | **CASE NO. 2:19-cv-10956-DMG-RAO**<br><br>**NOTICE OF MOTION AND MOTION FOR PRELIMINARY INJUNCTION**<br><br>Judge: Hon. Dolly M. Gee<br>Hearing Date: February 7, 2020<br>Time: 2:00 P.M. |

TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE THAT on February 7, 2020 at 2:00 p.m., pursuant Federal Rule of Civil Procedure 65(a), Plaintiffs move for a preliminary injunction enjoining enforcement, pending final judgment, of any provision of California Assembly Bill 5 (2019) against Plaintiffs by Defendant State of California, Defendant Attorney General Xavier Becerra, his officers, agents, servants, employees, and attorneys, and all other similarly situated state executive officials.  The reasons for granting the motion are set forth in the accompanying Memorandum in Support.

Plaintiffs request that bond be waived or that the court establish a nominal bond. This Court may waive the security requirements set forth in Federal Rule of Civil Procedure 65(c) or establish a nominal bond. *Barahona-Gomez v. Reno*, 167 F.3d 1228, 1237 (9th Cir. 1999).  Moreover, the court may waive the bond requirement if imposing a bond "would have a negative impact on plaintiff's constitutional rights, as well as the constitutional rights of other members of the public affected by the policy." *Baca v. Moreno*, 936 F. Supp. 719, 738 (C.D. Cal. 1996).

Dated: January 8, 2020

By: /s/ *Theane Evangelis*

Theane Evangelis
Joshua S. Lipshutz
Blaine H. Evanson
Heather L. Richardson
Dhananjay S. Manthripragada

GIBSON, DUNN & CRUTCHER LLP

*Attorneys for Plaintiffs*