GIBSON, DUNN & CRUTCHER LLP
THEANE EVANGELIS, SBN 243570
  TEvangelis@gibsondunn.com
BLAINE H. EVANSON, SBN 254338
  BEvanson@gibsondunn.com
HEATHER L. RICHARDSON, SBN 246517
  HRichardson@gibsondunn.com
DHANANJAY S. MANTHRIPRAGADA,
  SBN 254433
  DManthripragada@gibsondunn.com
333 South Grand Avenue
Los Angeles, CA  90071-3197
Tel.: 213.229.7000
Fax: 213.229.7520

JOSHUA S. LIPSHUTZ, SBN 242557
  JLipshutz@gibsondunn.com
555 Mission Street, Suite 3000
San Francisco, CA  94105-0921
Tel: 415.393.8200
Fax: 415.393.8306

Attorneys for Plaintiffs Lydia Olson, Miguel Perez,
Postmates Inc., and Uber Technologies, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LYDIA OLSON, MIGUEL PEREZ, POSTMATES INC., and UBER TECHNOLOGIES, INC.<br><br>Plaintiffs,<br><br>v.<br><br>STATE OF CALIFORNIA; XAVIER BECERRA, in his capacity as Attorney General of the State of California; and "JOHN DOE," in his official capacity,<br><br>Defendants. | **CASE NO. 2:19-cv-10956-DMG-RAO**<br><br>**DECLARATION OF LYDIA OLSON IN SUPPORT OF PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION**<br><br>Judge: Hon. Dolly M. Gee<br>Hearing Date: February 7, 2020<br>Time: 2:00 P.M. |

# DECLARATION OF LYDIA OLSON

I, Lydia Olson, do hereby swear, affirm and attest as follows:

1. I am over the age of 18. I currently reside in Antelope, California. I am a plaintiff in the above-captioned matter. I make this declaration in support of Plaintiffs' Motion for a Preliminary Injunction. Except where otherwise indicated, all of the information contained herein is based on my personal knowledge and, if called and sworn as a witness, I could and would competently testify hereto.

2. I have been an independent business owner since 2011. I earned my MBA from the University of California, Davis, and was employed in several management positions at various companies before starting my first business, Christian Connections Consulting, a consulting firm. My consulting firm works with small businesses and churches to advise them on various business and operational issues.

3. Shortly after I started my consulting business, my husband was diagnosed with multiple sclerosis. I was grateful that, as an independent business owner, I had the flexibility to take time off to care for him when needed. At various points, I have had to take several days, or even weeks, off from work to care for him and, in my experience, I would not have this flexibility if I were an employee as opposed to an independent business owner.

4. A couple years ago, I experienced a lull in my consulting business. One of my friends suggested that I start a second business as a driver to supplement my income. With my husband's illness, it is essential that I not only have flexibility in my hours, but also that I can earn a stable and consistent income. It is also important to me that I do not need to provide advance notice to anyone about when I may be able to work or when I may not be able to do so. I do not always know even an hour beforehand whether my husband might need me.

5. Thus, to help stabilize my income, I signed up to use both the Uber app and the Lyft app to connect with riders. Since signing up with Uber, I have taken approximately 2000 trips with Uber, and have taken more than 3000 additional rides with Lyft.

6. I operate my business as a driver in a similar way that I operate my consulting business. For example, I report my income for both businesses as an independent contractor. I write off my expenses on my taxes for both businesses. For my driving business, I write off the mileage amount approved by the Internal Revenue Service ($0.58 per mile).

7. I have never considered Uber my "employer," nor has it ever treated me as an employee. When I signed up to use both Uber and Lyft, I did so understanding that I was an independent contractor. Having an MBA and owning my own business, I have a full and complete understanding of the difference between being an independent contractor and an employee. I did not want—nor have I ever wanted—to be an employee of Uber or Lyft.

8. The things I appreciate about being an independent contractor with Uber and Lyft are that I set my own hours, I choose my own areas to drive, I can (and do) decline passengers when they are requesting trips that are inconvenient for me.

9. I also like that I can switch between the Uber and Lyft apps, because that enables me to run my driving business as efficiently as possible. I find that using both apps, I have the best chance of connecting with riders that are seeking trips that are the most efficient and appropriate for my schedule.

10. I could not work for Uber or Lyft if they required me to be an employee. Given my husband's illness and the fact that I have little or no notice of when I will have to take time off to care for him, I could not give up the flexibility that I have as an independent contractor. I can choose even on the spur of the moment whether it is the right time for me to drive, and if my husband has a need for me, I can quit working on the spur of the moment as well. Because I am my own boss, I answer

to no one but myself and the needs of my family. I am empowered to work in the way that is best for me and my family.

11. However, my family also depends on the income I make using the Uber and Lyft apps. My consulting business does not provide guaranteed income, so my driving business provides a level of financial stability that my husband and I need.

12. I have grave concerns about the impact AB5 will have on my life. The impact of the law is unpredictable and may eviscerate my ability to supplement my family's income through my driving business. It could also unravel the business relationship that I consciously entered into with Uber and Lyft. This seems totally unfair and unjust. If I wanted to be an employee, I could seek a more traditional work arrangement mindful of the trade-offs that come with it, but I chose not to do so for important reasons that are central to my family's well-being. I need and greatly value the flexibility of working for myself.

I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct.

Executed at Antelope, California, the 29th day of December, 2019.

*/s/ Lydia Olson*

Lydia Olson