| | |
|---|---|
| 1 | GIBSON, DUNN & CRUTCHER LLP |
| | THEANE EVANGELIS, SBN 243570 |
| 2 |    TEvangelis@gibsondunn.com |
| | BLAINE H. EVANSON, SBN 254338 |
| 3 |    BEvanson@gibsondunn.com |
| | HEATHER L. RICHARDSON, SBN 246517 |
| 4 |    HRichardson@gibsondunn.com |
| | DHANANJAY S. MANTHRIPRAGADA, |
| 5 |    SBN 254433 |
| |    DManthripragada@gibsondunn.com |
| 6 | 333 South Grand Avenue |
| | Los Angeles, CA  90071-3197 |
| 7 | Tel.: 213.229.7000 |
| | Fax: 213.229.7520 |

JOSHUA S. LIPSHUTZ, SBN 242557
   JLipshutz@gibsondunn.com
555 Mission Street, Suite 3000
San Francisco, CA  94105-0921
Tel: 415.393.8200
Fax: 415.393.8306

Attorneys for Plaintiffs Lydia Olson, Miguel Perez,
Postmates Inc., and Uber Technologies, Inc.

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LYDIA OLSON, MIGUEL PEREZ, POSTMATES INC., and UBER TECHNOLOGIES, INC.,<br><br>          Plaintiffs,<br><br>   v.<br><br>STATE OF CALIFORNIA; XAVIER BECERRA, in his capacity as Attorney General of the State of California; and "JOHN DOE," in his official capacity,<br><br>          Defendants. | **CASE NO. 2:19-cv-10956-DMG-RAO**<br><br>**DECLARATION OF BRANDON J. STOKER IN SUPPORT OF PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION**<br><br>Judge: Hon. Dolly M. Gee<br>Hearing Date: February 7, 2020<br>Time: 2:00 P.M. |

# DECLARATION OF BRANDON J. STOKER

I, Brandon J. Stoker, declare as follows:

1. I am an attorney duly licensed to practice before courts in the State of California. I am an attorney at the law firm Gibson, Dunn & Crutcher, LLP, counsel for plaintiffs Lydia Olson, Miguel Perez, Postmates Inc. and Uber Technologies, Inc. ("Plaintiffs") in the above-referenced matter now pending before this Court. I make this declaration in support of Plaintiffs' Motion for a Preliminary Injunction. The facts set forth herein are true of my own personal knowledge, and if called to testify thereto, I could and would do so competently and under oath.

2. On November 21, 2019, AB 5's principal sponsor and proponent Assemblywoman Lorena Gonzalez, in a tweet specifically mentioning Plaintiff Uber Technologies, Inc. ("Company Plaintiff Uber"), called on the City Attorneys in California's four largest cities to file for injunctive relief under AB 5 on the day the law took effect—January 1, 2020. A true and correct copy of Assemblywoman Gonzalez's November 21, 2019 tweet is attached hereto as **Exhibit A**. On December 25, 2019, in response to a question that assumed AB 5 was targeted at Company Plaintiff Uber rather than journalists, musicians, and photographers, Assemblywoman Gonzalez clarified that the goal was to target "large companies." A true and correct copy of Assemblywoman Gonzalez's December 25, 2019 tweet is attached hereto as **Exhibit B**.

3. On January 5, 2020, Assemblywoman Gonzalez sent a series of tweets explaining that she would be introducing a new bill "to continue the work we promised as [AB 5] passed." A true and correct copy of Assemblywoman Gonzalez's January 5, 2020 tweet is attached hereto as **Exhibit C**. On January 6, 2020, Assemblywoman Gonzalez made a number of statements concerning Company Plaintiff Uber's position with respect to AB 5. A true and correct copy of Assemblywoman Gonzalez's January 6, 2020 tweet is attached hereto as **Exhibit D**.

4. Plaintiffs filed their Complaint on December 30, 2019, along with a Notice of Related Case indicating that a similar action pending before the Central District,

*American Society of Journalists and Authors, Inc., et al. v. Xavier Becerra*, Case No. 2:19-cv-10645-PSG-KS. Plaintiffs believed that the *American Society of Journalists* case calls for determination of the same, similar, and substantially related questions of law and fact as Plaintiffs' Complaint and would entail substantial duplication of labor if heard by different judges. *See* ECF No. 4. The *American Society of Journalists* case is assigned to U.S. District Judge Philip S. Gutierrez and Magistrate Judge Karen L. Stevenson.

5. On that same day, Plaintiffs received notice that their case was assigned to U.S. District Judge Dolly M. Gee and Magistrate Judge Rozella A. Oliver. *See* ECF No. 6. On January 2, 2020, I contacted the clerk's office for the Central District of California to inquire whether the case would be reassigned to Judge Gutierrez in light of Plaintiffs' Notice of Related Case, and if so, whether Plaintiffs should wait to notice any motions until after the case had been transferred. I spoke with an assignment clerk by the name of Robert, who informed me that a proposed reassignment order had already been prepared for Judge Gutierrez. I asked Robert whether we should file motions while the reassignment was pending, and he informed me that, while he could not provide legal advice, it was easier administratively for us to notice any motions on the calendar of the judge who would ultimately hear those motions. He also informed me that action would likely be taken on the proposed reassignment order within a few days.

6. On January 3, 2020, I contacted Judge Gutierrez's courtroom deputy, Wendy K. Hernandez, to inquire on the status of the reassignment order. Ms. Hernandez informed me that the reassignment order was awaiting Judge Gutierrez's review. I also asked Ms. Hernandez whether we should defer filing motions until the reassignment was decided, and she recommended waiting to notice any motions on the court's calendar until the judicial assignment had been finalized.

7. On January 8, 2020, Judge Gutierrez declined the transfer. ECF No. 10.

I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct.

Gibson, Dunn & Crutcher LLP

3

Executed at Los Angeles, California, the 8th day of January, 2020.

_Brandon J. Stoker_

# EXHIBIT A

 **Lorena** ✓
@LorenaSGonzalez

 Follow

This has been a huge problem. Attorneys have sued, settled, walked away & never demanded proper classification of the workers. It's what Uber told me they'd continue to do under #AB5. That's why we ask the 4 big city City Attorneys offices to file for injunctive relief on 1/1/20.

> **Doug Bloch** @TeamsterDoug
> Fascinating article on the use of arbitration agreements versus class actions. But how about the fact that under both scenarios attorneys collect fees and then drop the misclassification issue? #AB5 @LorenaSGonzalez reuters.com/article/us-otc...

8:05 AM - 21 Nov 2019

6 Retweets  18 Likes  

💬 2    🔁 6    ♡ 18

# EXHIBIT B





**Larry Buhl** @LarryBuhl · 24 Dec 2019
Ahem, @LorenaSGonzalez, wasn't #AB5 aimed at UBER/LYFT? Now CA journalists/musicians/photographers etc are blacklisted while these companies continue as usual. Um, Merry Christmas!

**Judge Won't Force Uber to Treat California Drivers as Employees**
A federal judge on Monday refused to make Uber reclassify drivers as employees in California, despite claims the alleged misclassification dep...
courthousenews.com

5 23 38

**Tyler Breisacher** @tbreisacher · 24 Dec 2019
if a company is violating the law, i don't think it's necessarily the fault of the person who wrote the law

1

**Larry Buhl** @LarryBuhl · 24 Dec 2019
You are missing the point entirely. The law missed the mark and caught up everyone else in the net.

1 5

**Lorena** @LorenaSGonzalez · 25 Dec 2019
The law isn't in place yet. Jan. 1. And the article is pretty clear why this was premature. Our bill didn't even allow for injunctive relief by an individual necessarily. Give that power to city attorneys. This has nothing to do with our law.

1

**Larry Buhl** @LarryBuhl · 25 Dec 2019
Correct. Early skirmish in a long legal battle but could be ominous sign. The first injunction hearing for AB5 is on 12/30 (truckers). We will see about ASJA/NPPA.

**California law unjustly and unconstitutionally restricts freelance**
US Supreme Court precedent makes clear that the government cannot single out freelance writers and photographers for unfavorable treatment.
thehill.com

1 1

**Lorena** @LorenaSGonzalez · 25 Dec 2019
Those are different types of injunctions. Truckers & journalists filed to get an injunction to not have the bill apply to them. City Attys can file an injunction against companies to stop misclassifying workers.

1 1

# EXHIBIT C

EXHIBIT C
Page 10



EXHIBIT C
Page 11

# EXHIBIT D

