XAVIER BECERRA
Attorney General of California
TAMAR PACHTER
Supervising Deputy Attorney General
JOSE A. ZELIDON-ZEPEDA
Deputy Attorney General
State Bar No. 227108
 455 Golden Gate Avenue, Suite 11000
 San Francisco, CA 94102-7004
 Telephone: (415) 510-3879
 Fax: (415) 703-1234
 E-mail: Jose.ZelidonZepeda@doj.ca.gov
*Attorneys for the State of California and Attorney General Xavier Becerra, in his official capacity*

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| **LYDIA OLSON; et al.,**<br><br>Plaintiffs,<br><br>v.<br><br>**STATE OF CALIFORNIA; et al.,**<br><br>Defendants. | 2:19-CV-10956-DMG-RAO<br><br>**DEFENDANTS' OPPOSITION TO MOTIONS FOR LEAVE TO FILE *AMICI CURIAE* BRIEFS SUPPORTING PLAINTIFFS' MOTION FOR A PRELIMINARY INJUNCTION**<br><br>Date: February 7, 2020<br>Time: 2:00 P.M.<br>Courtroom: 8C, 8th Floor<br>Judge: Hon. Dolly M. Gee<br>Trial Date: None set<br>Action Filed: December 30, 2019 |

Plaintiffs Lydia Olson, et al., filed a motion for a preliminary injunction on January 8, 2020. (ECF No. 14.) After the parties completed briefing on the motion and just two days before hearing, two proposed *amici curiae* seek leave to file briefs in support of the preliminary injunction motion. (ECF Nos. 26, 34.) These proposed amici are Keisha Broussard, et al., and the Chamber of Commerce of the United States, et al., and they submit voluminous documents in support of their respective applications.

Proposed amici do not explain the delay in filing their request. (*See generally* ECF Nos. 26, 34.) And this delay would prejudice Defendants, who would have no opportunity to respond in the regular course of litigation, particularly given the number of declarations and exhibits submitted by the proposed *amici*. *Cf. Amer. Humanist Ass'n v. Maryland-National Capital Park & Planning Com'n*, 303 F.R.D. 266, 269 (D. Md. 2014) (granting amicus curiae request because the parties had not filed any motions in the case and thus allowing the participation "does not appear to prejudice Plaintiffs or delay the proceedings"). For these reasons, the Court should deny the Motion. *See Waste Mgmt. of Pennsylvania, Inc. v. City of New York*, 162 F.R.D. 34, 36 (M.D. Penn. 1995) ("A court may grant leave to appear as an amicus if the information offered is 'timely and useful'") (citation omitted); *Leigh v. Engle*, 535 F. Supp. 418, 420 (N.D. Ill. 1982) ("The privilege of being heard amicus rests in the discretion of the court which may grant or refuse leave according as it deems the proffered information timely, useful, or otherwise.").

The motions should also be denied because proposed amici do not seek to appear as "friends of the court," but simply repeat arguments already raised by Plaintiffs regarding the purported harm caused by Assembly Bill 5. (ECF No. 26 at 2; ECF No. 32 at 4.) Where "*amicus curiae* briefs are filed by allies of the litigants and duplicate the arguments made in the litigants' briefs," their primary practical effect is "extending the length of the litigant's brief," and should be denied. *Long v. Coast Resorts, Inc.*, 49 F. Supp. 2d 1177, 1178 (D. Nev. 1999) (citation omitted). This is particularly the case where, as here, the parties are adequately represented. *Id.*

Alternatively, if the Court is inclined to consider the arguments of *amici*, Defendants respectfully request the opportunity to address the arguments on their merits.

| | |
|---|---|
| Dated: February 5, 2020 | Respectfully submitted,<br><br>XAVIER BECERRA<br>Attorney General of California<br>TAMAR PACHTER<br>Supervising Deputy Attorney General<br><br>/s/ *Jose A. Zelidon-Zepeda*<br>JOSE A. ZELIDON-ZEPEDA<br>Deputy Attorney General<br>*Attorneys for the State of California and Attorney General Xavier Becerra, in his official capacity* |

SA2020100015
21803882.docx