XAVIER BECERRA
Attorney General of California
BENJAMIN M. GLICKMAN
Supervising Deputy Attorney General
JOSE A. ZELIDON-ZEPEDA
Deputy Attorney General
State Bar No. 227108
 455 Golden Gate Avenue, Suite 11000
 San Francisco, CA  94102-7004
 Telephone:  (415) 510-3879
 Fax:  (415) 703-1234
 E-mail:  Jose.ZelidonZepeda@doj.ca.gov
*Attorneys for the State of California and Attorney General Xavier Becerra, in his official capacity*

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| **LYDIA OLSON; et al.,**<br><br>                                       Plaintiffs,<br><br>     v.<br><br>**STATE OF CALIFORNIA; et al.,**<br><br>                                       Defendants. | 2:19-CV-10956-DMG-RAO<br><br>**REPLY SUPPORTING MOTION TO DISMISS FIRST AMENDED COMPLAINT**<br><br>Date: May 22, 2020<br>Time: 9:30 A.M.<br>Courtroom: 8C, 8th Floor<br>Judge: Hon. Dolly M. Gee<br>Trial Date: None set<br>Action Filed: December 30, 2019 |

**TABLE OF CONTENTS**

**Page**

INTRODUCTION ...........................................................................................................1
ARGUMENT..................................................................................................................1
    I.    Plaintiffs' Equal Protection Claims Fail Under Rational Basis Review...................................................................................................1
    II.   The Due Process, Ninth Amendment, and the California Constitution's Inalienable Rights and "Baby Ninth Provision" Claims Fail.............................................................................................4
        A.    Plaintiffs' Due Process Claim Fails Because AB 5 Merely Codifies a Test for Employment Classification. .........................4
        B.    The Ninth Amendment, and the Inalienable Rights and "Baby Ninth" Provisions of the California Constitution Do Not Support Plaintiffs' Claims. ..........................................7
    III.  The Contract Clause Claims Do Not Allege an Unconstitutional Impairment. ................................................................................................9
CONCLUSION ............................................................................................................10

# TABLE OF AUTHORITIES

Page

**CASES**

*Alexander v. FedEx Ground Package Sys., Inc.*
   765 F.3d 981 (9th Cir. 2014)..................................................................................6

*Allen v. Bd. of Admin.*
   34 Cal. 3d 114 (Cal. 1983).......................................................................................9

*Amer. Law Found. v. Meyer*
   120 F.3d 1092 (10th Cir. 1997)...............................................................................8

*Amer. Soc. of Journalists & Authors v. Becerra*
   No. 19-cv-10645-PSG, 2020 WL 1434933 (C.D. Cal. March 20, 2020) ..........................................................................................................................4

*Berwick v. Uber Tech., Inc.*
   Case No. 11-46739 EK, 2015 WL 4153765 (Cal. Lab. Comm'r June 3, 2015) ............................................................................................................9

*C.T. v. Redondo Beach Unif. Sch. Dist.*
   2019 WL 1557431 (C.D. Cal. Apr. 10, 2019) .......................................................7

*Califano v. Aznavorian*
   439 U.S. 170 (1978)................................................................................................3

*Clausing v. San Francisco Unified School District*
   221 Cal. App. 3d 1224 (Cal. Ct. App. 1990) .....................................................7, 8

*Clayton v. Steinagel*
   885 F. Supp. 2d 1212 (D. Utah 2012) ...................................................................6

*Clements v. Fashing*
   457 U.S. 957 (1982)................................................................................................2

*Conn v. Gabbert*
   526 U.S. 286 (1999)................................................................................................5

*Cornwell v. Hamilton*
   80 F. Supp. 2d 1101 (S.D. Cal. 1999) ...................................................................6

# TABLE OF AUTHORITIES
# (continued)

**Page**

*Cotter v. Lyft, Inc.*
   60 F. Supp. 3d 1067 (N.D. Cal. 2015)...................................................................9

*Dittman v. Cal.*
   191 F.3d 1020 (9th Cir. 1999).................................................................................5

*Endler v. Schutzbank*
   68 Cal. 2d 162 (Cal. 1968).......................................................................................5

*Energy Reserves Grp., Inc. v. Kansas Power & Light Co.*
   459 U.S. 400 (1983)................................................................................................9

*Erotic Serv. Provider Legal Educ. & Research Project v. Gascon*
   880 F.3d 450 (9th Cir. 2018)...................................................................................7

*FCC v. Beach Commc'ns, Inc.*
   508 U.S. 307 (1993)................................................................................................3

*Franceschi v. Yee*
   887 F.3d 927 (9th Cir. 2018)...................................................................................5

*Gallinger v. Becerra*
   898 F.3d 1012 (9th Cir. 2018).................................................................................3

*Hu v. City of New York*
   927 F.3d 81 (2d Cir. 2019)......................................................................................3

*In re Monrovia Evening Post*
   199 Cal. 263 (Cal. 1926).......................................................................................10

*Leger v. Stockton Unif. Sch. Dist.*
   202 Cal. App. 3d 1448 (Cal. Ct. App. 1988).........................................................7

*Mass. Bd. of Ret. v. Murgia*
   427 U.S. 307 (1976)................................................................................................2

*McDonald v. Bd. of Election Com'rs of Chicago*
   394 U.S. 802 (1969)................................................................................................2

*OptoLum Inc. v. Cree, Inc.*
   244 F. Supp. 3d 1005 (D. Ariz. 2017)..................................................................10

# TABLE OF AUTHORITIES
## (continued)

**Page**

*Papasan v. Allain*
    478 U.S. 265 (1986)...............................................................................3

*Parham v. Hughes*
    441 U.S. 347 (1979).................................................................................2

*People v. De La Torre*
    257 Cal. App. 2d 162 (Cal. Ct. App. 1967) ........................................10

*S.G. Borello & Sons, Inc. v. Dep't of Indus. Relations*
    48 Cal. 3d 341 (Cal. 1989).................................................................7, 9

*San Diego Cty. Gun Rights Comm. v. Reno*
    98 F.3d 1121 (9th Cir. 1996)..................................................................8

*Schowengerdt v. U.S.*
    944 F.2d 483 (9th Cir. 1991)..................................................................8

*Tieberg v. Unemployment Ins. App. Bd.*
    2 Cal 3d 943 (Cal. 1970)........................................................................9

*Wedges/Ledges of Cal. Inc. v. City of Phoenix, Ariz.*
    24 F.3d 56 (9th Cir. 1994)......................................................................6

*White v. Davis*
    13 Cal. 3d 757 (Cal. 1975).....................................................................7

*Wynn v. New York City Housing Authority*
    2015 WL 4578684 (S.D.N.Y. July 29, 2015) .......................................3

**CONSTITUTIONAL PROVISIONS**

California Constitution
    Article I, § 1.........................................................................................7
    Article I, § 24.......................................................................................8

**INTRODUCTION**

The First Amended Complaint (FAC) fails to state a claim for relief under the Equal Protection, Due Process, or Contract Clauses of the United States and California Constitutions, or any other cited provision. Plaintiffs' opposition to the motion to dismiss disregards the applicable legal standard, and attempts to couch legal conclusions as factual allegations. For many of the same reasons that the Court denied Plaintiffs' motion for a preliminary injunction, it should now dismiss the FAC.

First, Plaintiffs contend that this Court cannot decide at the pleadings stage if the FAC fails because there are disputed issues of fact whether AB 5 passes muster under rational basis. But there are no relevant factual disputes, because this case concerns whether a generally applicable state statute violates equal protection. Second, Plaintiffs' Due Process claim, which is premised on the contention that individual Plaintiffs have a fundamental right to work as independent contractors, similarly fails under the law. As the Court previously observed, the Constitution does not protect an individual's right to work as an independent contractor, and Plaintiffs cite no contrary authority. Third, Plaintiffs' Contract Clause claims fail because a party cannot insulate a business relationship from generally applicable labor regulation by contract. And Plaintiffs' remaining claims under the Ninth Amendment, and Inalienable Rights and "Baby Ninth" provisions of the California Constitution likewise do not provide bases for relief.

Because the FAC fails to state a claim, the Court should dismiss it, without leave to amend.

**ARGUMENT**

**I. PLAINTIFFS' EQUAL PROTECTION CLAIMS FAIL UNDER RATIONAL BASIS REVIEW.**

Plaintiffs concede that rational basis review applies to their Equal Protection claims (ECF No. 70 at 14), but disregard the deferential review applicable to

economic regulations. For example, they take issue with the Legislature's decision to exempt certain vocations from AB 5, claiming that these exemptions are "irrational" or somehow contravene the law's stated purpose. (*Id.* at 15.) Plaintiffs also pay lip service to the well-established rule that legislative bodies can take an incremental approach to solving a problem (ECF No. 70 at 20), but then argue without support that AB 5 "is the *opposite* of a 'step by step' solution to a perceived problem." (*Id.*) But Plaintiffs' policy disagreements with AB 5 are insufficient to overcome the highly deferential review courts apply to economic regulation.

Under rational basis, the Court "employs a relatively relaxed standard reflecting the Court's awareness that the drawing of lines that create distinctions is peculiarly a legislative task and an unavoidable one." *Mass. Bd. of Ret. v. Murgia*, 427 U.S. 307, 314 (1976). A court "is not free under the aegis of the Equal Protection Clause to substitute its judgment for the will of the people of a State as expressed in the laws passed by their popularly elected legislatures." *Parham v. Hughes*, 441 U.S. 347, 351 (1979); *McDonald v. Bd. of Election Com'rs of Chicago*, 394 U.S. 802, 809 (1969). It is not enough under rational basis to argue that the Legislature did not address every conceivable problem in a particular area because "a legislature traditionally has been allowed to take reform 'one step at a time, addressing itself to the phase of the problem which seems most acute to the legislative mind' . . . and a legislature need not run the risk of losing an entire remedial scheme simply because it failed, through inadvertence or otherwise, to cover every evil that might conceivably have been attacked." *Id.* (citations omitted); *see also Clements v. Fashing*, 457 U.S. 957, 962-63 (1982). Plaintiffs fail to meet this high standard.

At heart, Plaintiffs seek to substitute their own policy judgments for that of the Legislature. For example, they quibble that not all the vocations exempted from AB 5 meet the Legislature's criteria for ascertaining the "hallmarks of independent status." (ECF No. 70 at 16.) They also attempt to create a factual dispute by

alleging that Plaintiffs "satisfy the same 'hallmarks of independent status' the government uses to justify the exemptions." (*Id.* at 17.) But a court addressing a challenge to a state law does not ask whether every statutory provision perfectly aligns with the Legislature's stated goal. Such legislative line-drawing "is not subject to courtroom fact-finding and may be based on rational speculation unsupported by evidence or empirical data." *FCC v. Beach Commc'ns, Inc.*, 508 U.S. 307, 315 (1993).

Plaintiffs also try to undermine the Legislature's judgment calls by claiming that the groups that Plaintiffs purportedly represent are "similarly situated" to those granted exemptions under AB 5. (ECF No. 70 at 15). But even if true, it is of no moment as this type of line-drawing is quintessentially the Legislature's prerogative, and passes muster under rational basis. *Gallinger v. Becerra*, 898 F.3d 1012, 1016 (9th Cir. 2018); *see Califano v. Aznavorian*, 439 U.S. 170, 174 (1978) ("Social welfare legislation, by its nature, involves drawing lines among categories of people, lines that necessarily are sometimes arbitrary."). As long as the classifications drawn have "some reasonable basis," they do not "offend the Constitution merely because [they are] not made with mathematical nicety or because in practice [they] result[] in some inequality." *Califano*, 439 U.S. at 175 (citation omitted). In any event, this legal contention does not present a disputed issue of fact. *Papasan v. Allain*, 478 U.S. 265, 286 (1986) (at pleadings stage, court is "not bound to accept as true a legal conclusion couched as a factual allegation").[1]

---

[1] Plaintiffs argue that the similarly-situated element cannot be resolved on the pleadings, but the cases they cite arise in the inapposite context of lawsuits challenging governmental action *vis à vis* a particular individual or individuals, and assert discrimination based on a protected class. (ECF No. 70 at 15-16.) *Hu v. City of New York*, 927 F.3d 81 (2d Cir. 2019), involved a claim of selective enforcement of building codes on the basis of race. And *Wynn v. New York City Housing Authority*, 2015 WL 4578684 (S.D.N.Y. July 29, 2015), similarly involved claims of racial discrimination in paying individual plaintiffs prevailing wages. By contrast here, no suspect classification is at issue, and the sole question is whether

3

Likewise, Plaintiffs' allegation that certain exemptions from AB 5 cannot be justified (ECF No. 70 at 16) does not state a claim for relief under rational basis. As the Court concluded in denying Plaintiffs' preliminary injunction motion, the allegation that AB 5 was animated by improper purposes (ECF No. 70 at 18-19), "is plainly belied by the expansive language of the statute, which applies to 'a person providing labor or services for remuneration,' unless that person meets the ABC test or satisfies an exemption." (ECF No. 52 at 11, quoting AB 5.) As this Court previous concluded, "The State's asserted interest in protecting exploited workers to address the erosion of the middle class and income inequality thus appears to be based on a 'reasonably conceivable state of facts that could provide a rational basis' for any ostensible targeting of gig economy employers and workers." (ECF No. 52 at 8, citation omitted.) Accordingly, the Court should dismiss the claims under the Equal Protection Clauses of the U.S. and California Constitutions.

## II. THE DUE PROCESS, NINTH AMENDMENT, AND THE CALIFORNIA CONSTITUTION'S INALIENABLE RIGHTS AND "BABY NINTH PROVISION" CLAIMS FAIL.

### A. Plaintiffs' Due Process Claim Fails Because AB 5 Merely Codifies a Test for Employment Classification.

Plaintiffs premise their due process claim on a purported fundamental right to work as an independent contractor, instead of as an employee. (ECF No. 70 at 20-21.) They couch this claim as a factual dispute, arguing that "being one's boss . . . is a fundamentally different occupation than driving as an employee on an inflexible shift," and that "AB 5 is a complete prohibition on exercising the right" to pursue this "occupation." (*Id.* at 21, citing FAC.) This claim fails because, as a matter of law, Plaintiffs cannot demonstrate that they have a fundamental right to

---

plaintiffs are similarly situated for purposes of a generally-applicable state statute, under rational basis. *See Amer. Soc. of Journalists & Authors v. Becerra*, No. 19-cv-10645-PSG, 2020 WL 1434933, at *2 (C.D. Cal. March 20, 2020) (dismissing equal protection challenge to AB 5, noting that the "allegations do not raise any factual questions that would require discovery, instead Plaintiffs' challenge is based purely on the statutory text").

work as independent contractors, and AB 5 does not prohibit "business owners," or any other occupation, but instead regulates employment classification.

Initially, Plaintiffs' opposition does not overcome the dispositive fact that there is no fundamental right to work in a given occupation. *Dittman v. Cal.*, 191 F.3d 1020, 1031 n.5 (9th Cir. 1999) ("[T]he Supreme Court has recognized only that the *liberty* component of the Fourteenth Amendment's Due Process Clause 'includes some generalized due process right to choose one's field of private employment.'" *Id.* (quoting *Conn v. Gabbert*, 526 U.S. 286 (1999)). But the "Court has never held that the 'right' to pursue a profession is a *fundamental* right, such that any state-sponsored barriers to entry would be subject to strict scrutiny." *Id.*; *Conn*, 526 U.S. at 291-92; *see also Endler v. Schutzbank*, 68 Cal. 2d 162, 169 (Cal. 1968). Thus, "that right is subject to reasonable government regulation." *Franceschi v. Yee*, 887 F.3d 927, 937-38 (9th Cir. 2018).

Plaintiffs' due process claim fails under these principles. The cases establishing a liberty interest in pursuing a chosen profession "all deal[] with a complete prohibition of the right to engage in a calling." *Franceschi*, 887 F.3d at 938 (citing *Conn*, 526 U.S. at 292). Moreover, because this liberty interest is not a fundamental right, the Court asks only "whether the legislation has a 'conceivable basis' on which it might survive constitutional scrutiny." *Dittman*, 191 F.3d at 1031 & n.5. Plaintiffs make no meaningful attempt to address *Conn*, *Dittman*, or *Franceschi*, other than to argue that they are somehow distinguishable on their facts. (ECF No. 70 at 21 n.2.) Instead, they try to shrug off this deferential legal standard, and argue that "being a business owner" is a "wholly different occupation" than being an independent worker by focusing on the FAC's *factual* allegations. (ECF No. 70 at 21-22.)

Here, Plaintiffs' due process argument fails because AB 5 does not impact any individual's ability to work in a given *occupation*, but instead regulates classification of a worker as an employee or an independent contractor.

5

*Wedges/Ledges of Cal. Inc. v. City of Phoenix, Ariz.*, 24 F.3d 56, 65 n.4 (9th Cir. 1994) ("[T]he pursuit of an occupation or profession is a protected liberty interest that extends across a broad range of lawful occupations," including aeronautical engineer, law practice, bar ownership, and t-shirt vendor). Plaintiffs cite no case law holding that there is fundamental right to work as an independent contractor (or, perhaps more accurately, to be subject to particular criteria for determining one's classification as a contractor). (*See generally* ECF No. 70.) And, contrary to Plaintiffs' attempt to create a factual dispute by *alleging* that AB 5 fails rational basis review, (ECF No. 70 at 23), the Court has already concluded that AB 5 "conceivably furthers the State's legitimate interest in preventing misclassification of millions of workers," and nothing more is required under the Due Process Clause. (ECF No. 52 at 14, citing *Dittman*, 191 F.3d at 1031.)

The cases Plaintiffs cite are inapposite, and do not support their claims. (ECF No. 70 at 20-22.) In *Cornwell v. Hamilton*, 80 F. Supp. 2d 1101 (S.D. Cal. 1999), the court concluded that enforcement of a state cosmetology licensing requirement failed under rational basis as applied to hair braiders whose activities had little overlap with the subjects in the regulations. *Id.* at 1106; *see also Clayton v. Steinagel*, 885 F. Supp. 2d 1212 (D. Utah 2012) (as-applied challenge to state cosmetology licensing scheme). By contrast here, as explained above, the Court already concluded that AB 5 meets rational basis in the context of this challenge. Plaintiffs cannot evade this result by couching their contrary legal conclusions as factual allegations.

Moreover, Plaintiffs do not address case law holding that states are free to define whether a worker is an employee irrespective of the parties' attempt to define that status by contract. *Alexander v. FedEx Ground Package Sys., Inc.*, 765 F.3d 981, 989 (9th Cir. 2014) ("California law is clear that '[t]he label placed by the parties on their relationship is not dispositive, and subterfuges are not countenanced.'") (citation omitted). Rather, as the Ninth Circuit has made clear,

"protectable liberty interests in employment arise only 'where not affirmatively restricted by reasonable laws or regulations of general application.'" *Erotic Serv. Provider Legal Educ. & Research Project v. Gascon*, 880 F.3d 450, 459 (9th Cir. 2018) (citation omitted). Under California law, when it comes to employee classification, "the label placed by the parties on their relationship is not dispositive." *S.G. Borello & Sons, Inc. v. Dep't of Indus. Relations*, 48 Cal. 3d 341, 349 (Cal. 1989).

### B. The Ninth Amendment, and the Inalienable Rights and "Baby Ninth" Provisions of the California Constitution Do Not Support Plaintiffs' Claims.

Plaintiffs' Inalienable Rights and Ninth Amendment claims are even weaker. (ECF No. 70 at 23-24.) As the motion to dismiss explained, the Inalienable Rights provision of the California Constitution, Article I, section 1, has not been found to create a private right of action. Although Plaintiffs argue that this provision is self-executing and supports a cause of action for an injunction, their authority does not support that contention. (ECF No. 70 at 23-24.) To the contrary, *Clausing v. San Francisco Unified School District*, 221 Cal. App. 3d 1224 (Cal. Ct. App. 1990), states that "No case has ever held that th[e] provision enunciating the inalienable right to obtain safety and happiness is self-executing in the sense that it gives rise, in and of itself, to a private right of action for damages or an affirmative duty on the part of the state to take particular steps to guarantee the enjoyment of safety or happiness by all citizens." *Id.* at 1238 n.6; *see also Leger v. Stockton Unif. Sch. Dist.*, 202 Cal. App. 3d 1448, 1455 (Cal. Ct. App. 1988). *Clausing* and the other cases cited instead stand only for the proposition that the constitutional right of *privacy*, which is not implicated here, "*is* self-executing and supports a cause of action for an injunction." *Id.* at 1238; *White v. Davis*, 13 Cal. 3d 757, 775 (Cal. 1975); *see also C.T. v. Redondo Beach Unif. Sch. Dist.*, 2019 WL 1557431, at *2 (C.D. Cal. Apr. 10, 2019) (assessing right to privacy claim under California Constitution). Plaintiffs misread *Clausing*, and their other cited cases, and identify

no authority demonstrating that the actual clause at issue in this case creates a cause of action.[2]

Plaintiffs rely primarily on law review articles to try to salvage their putative claims under the Ninth Amendment and the "Baby Ninth" provision of the California Constitution, Article I, section 24. (ECF No. 70 at 24-25.) But as explained in the motion to dismiss, the Ninth Amendment "has not been interpreted as independently securing any constitutional rights for purposes of making out a constitutional violation." *San Diego Cty. Gun Rights Comm. v. Reno*, 98 F.3d 1121, 1125 (9th Cir. 1996) (citation omitted); *see also Schowengerdt v. U.S.*, 944 F.2d 483, 490 (9th Cir. 1991) (same). And even assuming that this amendment conferred *substantive* rights, it has not been incorporated against the states. *Amer. Law Found. v. Meyer*, 120 F.3d 1092, 1107 (10th Cir. 1997).[3]

Lastly, Plaintiffs argue that "California's Baby Ninth Amendment certainly applies to the State," but do not point to any authority holding that the so-called Baby Ninth provision, confers any substantive, enforceable rights. *Clausing*, 221 Cal. App. 3d at 1237 ("A constitutional provision . . . is not self-executing when it merely indicates principles, without laying down rules by means of which those principles may be given force of law."). The cited constitutional provisions do not meet this standard. Ultimately, there is no authority supporting Plaintiffs' claim of a fundamental constitutional right to work as an independent contractor (or "independent service provider"), under either the Due Process Clause, the Ninth Amendment, or the California Constitution.

---

[2] In denying Plaintiffs' motion for a preliminary injunction, the Court noted that this provision "indicates mere principles and does not create a private right of action." (ECF No. 52 at 14 n.14 [citing cases, including *Clausing*].)

[3] Plaintiffs assert that this analysis is "faulty," but they do not respond to the cases discussed above. (ECF No. 70 at 25-26 n.6.) Instead, without authority, they contend that the Ninth Amendment does not have to be incorporated, and, alternatively, that it "would easily qualify" for incorporation because it purportedly protects fundamental rights. (*Id.*)

### III. THE CONTRACT CLAUSE CLAIMS DO NOT ALLEGE AN UNCONSTITUTIONAL IMPAIRMENT.

Lastly, Plaintiffs proffer no viable argument against dismissal of their claims under the Contract Clauses of the U.S. and California Constitution.

As the Court previously held in denying Plaintiffs' motion for a preliminary injunction, the claims under the Contract Clause fail to allege an unconstitutional impairment. (ECF No. 52 at 15-18.) When entering into their contractual arrangements, "Plaintiffs reasonably should have expected that the terms setting forth a driver's contractor status were not independently determinative of employment classification." (*Id.* at 16.) Plaintiffs allege that AB 5 was an "unprecedented" and "unexpected" regulation of the app-based industry. (ECF No. 70 at 28.) But this argument is a red herring—under California labor law, the contractual agreement of the parties has never been deemed conclusive on the issue of whether a worker is an employee or an independent contractor, and thus any expectations to the contrary were not reasonable. *See Tieberg v. Unemployment Ins. App. Bd.*, 2 Cal 3d 943, 952 (Cal. 1970); *Borello*, 48 Cal. 3d at 349. Further, more recent rulings, as well as the 2018 *Dynamex* decision,[4] plainly put Plaintiffs on notice that their drivers' status was subject to challenge. *See Berwick v. Uber Tech., Inc.*, Case No. 11-46739 EK, 2015 WL 4153765 (Cal. Lab. Comm'r June 3, 2015); *Cotter v. Lyft, Inc.*, 60 F. Supp. 3d 1067 (N.D. Cal. 2015) (finding a genuine issue of material fact whether Uber competitor misclassified drivers).

Moreover, under both federal and California law, the Contract Clause accommodates a state's interests to protect the public. *Energy Reserves Grp., Inc. v. Kansas Power & Light Co.*, 459 U.S. 400, 410 (1983) (citation omitted); *Allen v. Bd. of Admin.*, 34 Cal. 3d 114, 124 (Cal. 1983). As this Court previously

---

[4] Plaintiffs' argument that AB 5 constitutes unprecedented regulation even after *Dynamex* because AB 5 aims to "force wholesale reclassification" while *Dynamex* did not misunderstands both. (ECF No. 70 at 29, 22 n.3). In fact, both AB 5 and *Dynamex* simply provide a test for determining whether a worker is an employee for purposes of California's laws, and neither mandates reclassification.

concluded, California had "a significant and legitimate public purpose . . . of remedying a broad and general social or economic problem.'" (ECF No. 52 at 17, quoting *Energy Reserves Grp.*, 459 U.S. at 411-12.) In their opposition, Plaintiffs do not dispute that "the state has the inalienable right to reasonably regulate private business enterprises in the interest of public health, peace, morals, or the general welfare." *In re Monrovia Evening Post*, 199 Cal. 263, 269 (Cal. 1926); *People v. De La Torre*, 257 Cal. App. 2d 162, 166-67 (Cal. Ct. App. 1967). Here, "AB 5 is an exercise of the State's police power to protect workers aimed at remedying what it perceives to be a broad economic social problem," namely the problem of misclassification of state workers and the concomitant "'erosion of the middle class and the rise in income inequality.'" (ECF No. 52 at 17-18, quoting AB 5.)

Plaintiffs attempt to undermine these legal conclusions by focusing on the FAC's allegations that AB 5 "upends" the expectations of the Plaintiffs and undermines the autonomy of their contractual arrangements. (ECF No. 70 at 26.) But given the legal analysis above resolving the Contract Clause claims as a matter of law, any alleged factual disputes are irrelevant. *See OptoLum Inc. v. Cree, Inc.*, 244 F. Supp. 3d 1005, 1010 (D. Ariz. 2017) (dismissal can be based on lack of a cognizable legal theory or insufficient factual allegations). Accordingly, Plaintiffs' contention that further factual development is necessary regarding the reasonableness their purported expectations is incorrect. (ECF No. 70 at 29-30.) Plaintiffs' Contract Clause claims fail as a matter of law.

## CONCLUSION

For these reasons, and as set out in the motion to dismiss, the Court should dismiss the FAC, without leave to amend.[5]

---

[5] Plaintiffs request leave to amend, but they do not explain how the defects in the FAC can be cured by amendment. (ECF No. 70 at 33.) Moreover, Plaintiffs have already amended once as of right, and the claims fail as a matter of law. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc).

Dated:  May 8, 2020

Respectfully submitted,

XAVIER BECERRA
Attorney General of California
BENJAMIN M. GLICKMAN
Supervising Deputy Attorney General

JOSE A. ZELIDON-ZEPEDA
Deputy Attorney General
*Attorneys for the State of California and Attorney General Xavier Becerra, in his official capacity*

SA2020100015
42188590.docx

## DECLARATION OF ELECTRONIC SERVICE VIA CM/ECF

Case Name:   **Lydia Olson, et al v. State of California, et al.**

Case No.:    **2:19-CV-10956-DMG-RAO**

I declare:

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar, at which member's direction this service is made. I am 18 years of age or older and not a party to this matter; my business address is 455 Golden Gate Avenue, Suite 11000, San Francisco, CA 94102-7004.

I hereby certify that on May 8, 2020, I electronically filed the following documents with the Clerk of the Court by using the CM/ECF system:

**REPLY SUPPORTING MOTION TO DISMISS FIRST AMENDED COMPLAINT**

I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on May 8, 2020, at San Francisco, California.

| R. Hallsey | /s/ R. Hallsey |
|---|---|
| Declarant | Signature |

SA2020100015
42188810.docx