FILED

SEP 16 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| LYDIA OLSON, *et al.*, <br><br> Plaintiffs-Appellants, <br><br> v. <br><br> STATE OF CALIFORNIA, *et al.* <br><br> Defendants-Appellees. | Nos. 20-55267, 21-55757 <br><br> D.C. No. <br> 2:19-cv-10956-DMG-RAO <br><br> ORDER ON MOTION TO CONSOLIDATE AND MOTION TO DISMISS |

Before: RAWLINSON and FORREST, Circuit Judges, and ENGLAND,[*] District Judge.

In Appeal No. 20-55267, Plaintiffs-Appellants, Lydia Olson, Miguel Perez, Postmates, Inc., and Uber Technologies, Inc., challenge the denial of their motion for a preliminary injunction, which sought to enjoin enforcement of California Assembly Bill 5 (2019). That appeal was argued and submitted for decision on November 18, 2020. On July 16, 2021, the district court dismissed Plaintiffs' Second Amended Complaint with prejudice. Appellants filed a timely appeal of the dismissal (Appeal No. 21-55757). Appellants now seek to consolidate the merits appeal with the preliminary injunction appeal and to limit briefing on the

---

[*] The Honorable Morrison C. England, Jr., United States District Judge for the Eastern District of California, sitting by designation.

merits. Appellees, the State of California and Xavier Becerra, oppose consolidation and move to dismiss the preliminary injunction appeal as moot.

A preliminary injunction order that is pending review merges into a final judgment resulting from a decision on the merits or dismissal on non-merit grounds. *See Nationwide Biweekly Admin., Inc. v. Owen*, 873 F.3d 716, 730–31 (9th Cir. 2017). It is appropriate to dismiss as moot the preliminary injunction appeal at the time both appeals are considered. *See id.* at 731. However, if the district court's dismissal order is reversed, the question of whether a preliminary injunction was properly denied must be addressed. *See id.* (addressing in a consolidated appeal the denial of preliminary injunctions after holding that *Younger* abstention was inappropriate).

The present panel is familiar with the parties' dispute given that the preliminary injunction appeal has been fully briefed and argued. The interests of justice are best served by this panel addressing the merits of the district court's dismissal and, if necessary, the denial of the motion for a preliminary injunction. *See United States v. State of Wash.*, 573 F.2d 1121, 1123 (9th Cir. 1978) ("Consolidation under Federal Rule of Appellate Procedure 3(b) may be ordered where the court in its discretion deems it appropriate and in the interests of justice.").

Appellants' motions to consolidate Appeal Nos. 20-55267 (preliminary injunction) and 21-55757 (Second Amended Complaint) are granted in part. We consolidate Appeal Nos. 20-55267 and 21-55757. However, we deny Appellants' request to limit briefing, given the new factual and procedural developments in the case. Briefing on the merits appeal shall proceed in the ordinary course.

Having consolidated the appeals, a majority of the panel has voted to grant the motion to dismiss as moot the separate preliminary injunction appeal. Judge Forrest would deny the motion to dismiss.

If the district court's dismissal order is reversed, the panel will address the issue of whether the preliminary injunction was properly denied, in accordance with our precedent. *See Nationwide Biweekly Admin.*, 873 F.3d at 731 (describing this procedure).

**IT IS SO ORDERED**.